UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIONDRAE BROWN,

                        Petitioner,

     v.

JACK WARNER,

                        Respondent.

Case No. C24-242-JLR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Diondrae Brown is currently in the custody of the Washington Department of Corrections ("DOC") pursuant to a 2019 judgment and sentence of the King County Superior Court. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that judgment and sentence. (*See* dkt. # 4.) Respondent has filed an answer to Petitioner's petition together with relevant portions of the state court record. (Dkt. ## 11, 12.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 11.) Petitioner has not filed a response to Respondent's answer. This Court, having reviewed Petitioner's petition, Respondent's answer, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

## II.    BACKGROUND

On March 13, 2019, Petitioner was found guilty, following a jury trial, on four counts of robbery in the first degree, one count of attempted robbery in the first degree, two counts of assault in the second degree, and one count of attempting to elude a pursuing police vehicle. (*See* dkt. # 12, Ex. 1 at 1, 8.) Petitioner was sentenced on May 9, 2019, to a total term of 381 months confinement, to be followed by 18 months of community custody. (*See id.*, Ex. 1 at 5-6.)

Petitioner appealed to the Washington Court of Appeals, asserting on direct appeal only a single claim relating to an alleged error by the sentencing court. (*See* dkt. # 12, Ex. 2.) On May 18, 2020, the Court of Appeals issued a published opinion affirming Petitioner's judgment and sentence. (*Id.*, Ex. 4.) Petitioner thereafter filed a petition seeking review by the Washington Supreme Court, and the Supreme Court denied review without comment on October 7, 2020. (*Id.*, Exs. 5, 6.) On October 22, 2020, the Clerk of the Court of Appeals issued a mandate terminating direct review. (*Id.*, Ex. 7.)

On November 4, 2021, Petitioner filed in the Washington Court of Appeals the first of several personal restraint petitions. (Dkt. # 12, Ex. 8.) Petitioner included with the petition a request for an extension of time, an apparent acknowledgement that the petition was not timely filed under state law. (*See id.*) On November 24, 2021, the acting chief judge issued an order dismissing the petition as frivolous. (*Id.*, Ex. 10.) The acting chief judge noted in the order that Petitioner had acknowledged his petition was untimely, and the court granted Petitioner's motion to extend the time set forth in RCW 10.73.090 for filing a personal restraint petition. (*See id.*, Ex. 10 at 2-3.) Petitioner did not seek further review by the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on January 6, 2022. (*Id.*, Ex. 11.)

REPORT AND RECOMMENDATION
PAGE - 2

On November 17, 2021, Petitioner filed a second personal restraint petition in the Washington Court of Appeals raising the same claims as in his first petition and requesting the same extension of time. (Dkt. # 12, Ex. 9.) On December 14, 2021, the acting chief judge issued an order dismissing the petition, noting therein that the petition was identical to Petitioner's prior petition and must be dismissed on the same grounds. (*Id.*, Ex. 11) Petitioner did not seek further review by the Washington Supreme Court, and the Clerk of the Court of Appeals issued a certificate of finality in Petitioner's second personal restraint proceeding on January 24, 2022. (*Id.*, Ex. 13.)

On December 21, 2021, Petitioner filed in the King County Superior Court a motion for relief from judgment under Washington Superior Court Criminal Rule ("CrR") 7.8. (Dkt. # 12, Ex. 14 at 15-22.) The Superior Court concluded that Petitioner's submission was untimely and, in accordance with CrR 7.8(c)(2), transferred his motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id.*, Ex. 14 at 1-2.) On August 18, 2022, the acting chief judge issued an order dismissing the petition, concluding that the petition was "successive and either untimely or, at best, mixed." (*Id.*, Ex. 15.) The Clerk of the Court of Appeals issued a certificate of finality in Petitioner's third personal restraint proceeding on October 13, 2022. (*Id.*, Ex. 16.)

On March 14, 2023, Petitioner filed a personal restraint petition in the Washington Supreme Court. (Dkt. # 12, Ex. 17.) The petition was transferred to the Washington Court of Appeals for consideration, and on May 18, 2023, the chief judge issued an order dismissing the petition as successive and untimely. (*See id.*, Ex. 18; *see also id.*, Ex. 21 at 1.) The chief judge noted therein that the claim raised in Petitioner's petition was the same claim that was raised and

REPORT AND RECOMMENDATION
PAGE - 3

1    rejected in Petitioner's third petition. (*Id.*) The Clerk of the Court of Appeals issued a certificate

2    of finality in Petitioner's fourth personal restraint proceeding on July 17, 2023. (*Id.*, Ex. 19.)

3          On August 22, 2023, following issuance of the certificate of finality in his fourth personal

4    restraint proceeding, Petitioner filed a motion seeking review by the Washington Supreme Court

5    of the Court of Appeals' dismissal of his fourth petition. (Dkt. # 12, Ex. 20.) On September 20,

6    2023, the Deputy Commissioner of the Supreme Court issued a ruling denying review,

7    concluding that the chief judge of the Court of Appeals had properly dismissed Petitioner's

8    petition as untimely. (*Id.*, Ex. 21.) Petitioner thereafter moved to modify the Deputy

9    Commissioner's ruling, and that motion was denied on December 6, 2023. (*See id.*, Exs. 23, 24,

10   25.) The Clerk of the Court of Appeals issued a certificate of finality on December 26, 2023. (*Id.*,

11   Ex. 26.)

12         Petitioner submitted his federal habeas petition to this Court for filing on February 22,

13   2024. (*See* dkt. # 1.) The briefing with respect to the petition is now complete and this matter is

14   ripe for review.

15                              **III.    DISCUSSION**

16   **A.     Statute of Limitations**

17         The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year

18   limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C.

19   § 2244(d)(1). The one-year limitation period generally begins to run from the date of the

20   conclusion of direct review or "the expiration of the time for seeking such [direct] review,"

21   whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at

22   the latest, upon the expiration of the period for filing a petition for writ of certiorari with the

23   United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied Petitioner's petition for review on direct appeal on October 7, 2020. (Dkt. # 12, Ex. 6.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately January 5, 2021, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because Petitioner apparently did not file a petition for writ of certiorari, his conviction became final on or about January 5, 2021. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one-year statute of limitations began to run the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a personal restraint petition on November 4, 2021, which the Washington Court of Appeals accepted as timely, and this stopped the clock on the federal statute of limitations. (*See* dkt. # 12, Exs. 8, 10.) At the time Petitioner filed his first personal restraint petition, 303 days had run on the statute of limitations. The Washington Court of Appeals issued a certificate of finality in this first personal restraint proceeding on January 6, 2022. (*Id.*, Ex. 12.)

Petitioner's second personal restraint petition, which was filed during the pendency of his identical first petition and was dismissed on the same grounds, arguably continued to toll the limitations period until a certificate of finality was issued in that second proceeding on January 24, 2022. (*See* dkt. # 12, Exs. 9, 11, 13.) The statute of limitations began to run again the following day, January 25, 2022, and expired 62 days later on March 28, 2022. As noted above, Petitioner's federal habeas petition was not submitted to this Court for filing until February 22, 2024 (*see* dkt. # 1), over 22 months after the statute of limitations expired.

REPORT AND RECOMMENDATION
PAGE - 5

1    While Petitioner did file two additional requests for post-conviction relief in the state

2    courts, those petitions were both dismissed because they were deemed untimely under state law.

3    (*See* dkt. # 12, Exs. 14, 15, 17, 21.) A petition denied by the state court as untimely under state

4    law is not "properly filed" for purposes of § 2244(d)(2), and therefore does not toll the federal

5    statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Moreover, once the statute

6    of limitations period has run, a state collateral action filed thereafter does not serve to revive the

7    statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner's

8    final two requests for post-conviction relief in the state courts, both of which were rejected as

9    untimely and one of which was filed after the federal statute of limitations had already expired,

10   did not act to toll the limitations period.

11       The statute of limitations governing federal habeas petitions is also subject to equitable

12   tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 652 (2010). The Ninth

13   Circuit has made clear that equitable tolling is justified in very few cases, noting that "the

14   threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

15   swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears

16   the burden of showing that equitable tolling should be applied. *Id.* at 1065. In order to receive

17   equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and

18   (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

19   *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Here, Petitioner presents no argument

20   that he is entitled to equitable tolling, and nothing in the record before this Court suggests that

21   Petitioner has met the requirements for the application of equitable tolling.

22       Petitioner suggests in his petition that he does qualify for an exception to the statute of

23   limitations based on actual innocence. (Dkt. # 4 at 14.) There is an equitable exception to the

REPORT AND RECOMMENDATION
PAGE - 6

statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned that tenable actual innocence claims are rare. *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

While Petitioner asserts that he qualifies for an actual innocence exception, he does not identify in his materials, much less produce, any new reliable evidence that would have altered the outcome of his criminal proceedings. Instead, Petitioner argues generally that he did not receive a fair trial, which is inadequate to establish actual innocence. (*See* dkt. # 4 at 13-14.) Petitioner's actual innocence claim therefore fails.

Because Petitioner filed his petition outside the § 2254 statute of limitations period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period or to an exception to the limitations period based on actual innocence, Petitioner's petition is time-barred and must therefore be dismissed.

**B.      Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made

REPORT AND RECOMMENDATION
PAGE - 7

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus (dkt. # 4) and this action be dismissed, with prejudice, under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 13, 2024**.

DATED this 23rd day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8