UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIONDRAE BROWN,<br><br>              Petitioner,<br><br>      v.<br><br>JACK WARNER,<br><br>              Respondent. | CASE NO. C24-0242JLR<br><br>ORDER |

## I.     INTRODUCTION

Before the court is Magistrate Judge Michelle L. Peterson's report and recommendation, in which she recommends that the court dismiss *pro se* Petitioner Diondrae Brown's 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by the relevant state of limitations. (R&R (Dkt. # 14); *see* Petition (Dkt. # 4).) Mr. Brown filed timely objections on September 10, 2024. (Obj. (Dkt. # 17); *see* 9/3/24 Min. Order (extending Mr. Brown's deadline to file objections).) Respondent Jack Warner, warden of the Monroe Correctional Complex, filed an answer to Mr. Brown's petition, together

ORDER - 1

1  with relevant portions of the state court record, but did not respond to Mr. Brown's
2  objections.  (Answer (Dkt. # 11); Record (Dkt. # 12).)  The court has considered the
3  report and recommendation, Mr. Brown's objections, the relevant portions of the record,
4  and the governing law.  Being fully advised, the court ADOPTS Magistrate Judge
5  Peterson's report and recommendation and DISMISSES Mr. Brown's habeas petition
6  with prejudice.

## II.   BACKGROUND

8  Mr. Brown is a Washington state prisoner who is currently in the custody of the
9  Washington Department of Corrections ("DOC").  (Petition at 1.)  On March 13, 2019, a
10 jury found Mr. Brown guilty on multiple counts.  (*See* Record, Ex. 1 at 1, 8.)  On May 9,
11 2019, the King County Superior Court sentenced Mr. Brown to a total term of 381
12 months of confinement, to be followed by 18 months of community custody.  (*See id.*,
13 Ex. 1 at 5-6.)  Because Mr. Brown does not object to the procedural history set forth in
14 the report and recommendation, the court adopts that portion of the report and
15 recommendation and does not repeat it here.  (*See* R&R at 2-4; *see generally* Obj.)
16 Magistrate Judge Peterson recommends that the court dismiss Mr. Brown's habeas
17 petition as barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA")
18 one-year limitation period for state prisoners to file applications for federal habeas relief.
19 (R&R at 4-7 (citing 28 U.S.C. § 2244(d)(1)).)  After applying AEDPA's statutory tolling
20 provisions, Magistrate Judge Peterson determined that the statute of limitations for Mr.
21 Brown's habeas petition expired on March 28, 2022.  (*Id.* at 4-5.)  Mr. Brown did not,
22 however, file his habeas petition until February 22, 2024, over 22 months after the statute

of limitations expired.  (*Id.* at 5 (citing Prop. Petition (Dkt. # 1)).)  Magistrate Judge Peterson also determined that Mr. Brown was not entitled to equitable tolling of the statute of limitations (*id.* at 6 (citing *Holland v. Florida*, 560 U.S. 631, 652 (2010)) or to an actual innocence exception to the statute of limitations (*id.* at 6-7 (first citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); and then citing *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995))).

### III.   ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis added).  Because Mr. Brown is proceeding *pro se*, the court must interpret his petition and objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

In his objections, Mr. Brown does not address Magistrate Judge Peterson's conclusion that his habeas petition is barred by AEDPA's statute of limitations.  (*See generally* Obj.)  To the contrary, Mr. Brown focuses on the merits of his petition, arguing that he was unconstitutionally convicted by an all-white jury and that his sentence was overly harsh in light of his prior record.  (*See generally id.*; *see also* Petition at 5-8; Memorandum (Dkt. # 4-1).)  Therefore, the court OVERRULES Mr. Brown's objections.

1  Moreover, the court has carefully reviewed the report and recommendation and, on de novo review, agrees with Magistrate Judge Peterson's recommendations. Therefore, the court ADOPTS Magistrate Judge Peterson's report and recommendation in full.

## IV.  CONCLUSION

For the foregoing reasons, the court OVERRULES Mr. Brown's objections (Dkt. # 17) and ADOPTS Magistrate Judge Peterson's report and recommendation (Dkt. # 14). The court ORDERS as follows:

1. Mr. Brown's petition for a writ of habeas corpus (Dkt. # 4) and this action are DISMISSED with prejudice as untimely under 28 U.S.C. § 2244(d);

2. A certificate of appealability is DENIED for the reasons set forth in the report and recommendation (*see* R&R at 7-8); and

3. The Clerk is DIRECTED to send copies of this order to Mr. Brown, to counsel for Respondent, and to Magistrate Judge Peterson.

Dated this 2nd day of October, 2024.

JAMES L. ROBART
United States District Judge